**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHARLES CONNORS, :
: Civil Action No. 09-165(KSH)
Plaintiff, :
:
:
v. : **OPINION**
:
NORTHERN STATE PRISON, et al., :
:
Defendants. :

**APPEARANCES:**

    CHARLES CONNORS, Plaintiff pro se
    PRISON #419516/SBI # 987280A
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**HAYDEN**, District Judge

Plaintiff Charles Connors ("Connors"), currently a state inmate confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.[1]

---

[1] This matter was administratively terminated by Order of this Court on January 29, 2009, because plaintiff had not paid the filing fee or submitted a complete application to proceed in forma pauperis ("IFP"), with his six-month prison account

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should proceed in part.

## I. BACKGROUND

Connors brings this action, pursuant to 42 U.S.C. § 1983, against the following defendants: Northern State Prison ("NSP"); NSP Administrator Mr. Glover; Dr. John Hochberg; NSP Food Service I.T.I. Mr. Nash; and Correctional Officer ("CO") Reynolds. (Complaint, Caption and ¶¶ 4b, 4c). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Connors alleges that, on or about December 8, 2008, defendant Dr. Hochberg was performing a colon-rectal examination on plaintiff. Connors alleges that Dr. Hochberg rammed his

---

statement as provided by 28 U.S.C. § 1915(a)(2). The Order allowed plaintiff thirty (30) days to submit a letter request to re-open the case with his complete IFP application, or the filing fee. On March 16, 2009, plaintiff submitted an application to re-open his case, providing a complete IFP application with his certified, six-month prison account statement. Therefore, this Court will direct the Clerk of the Court to re-open this matter and file the Complaint accordingly.

fingers in plaintiff's rectum without using any lubrication and made discriminatory remarks about plaintiff's lifestyle during the exam. Connors complained to the NSP Medical Director but has not received any response. (Compl., ¶ 6).

Connors also states that he has been a food service worker since December 2007. When Connors was moved to the compound in October 23, 2008, he spoke with the "Inmate Power Pro" of the compound kitchen about work, who said he was hired. However, defendant Nash stopped plaintiff from working in the kitchen compound, making discriminatory statements and saying that "we can't have that 'faggot' working here." (Compl., ¶ 6).

Finally, Connors alleges that CO Reynolds has discriminated against plaintiff since Connors came to his living unit. Connors states that Reynolds has made discriminatory statements about plaintiff's lifestyle, and has refused to assign work to plaintiff even though he assigned work to two other inmates who came into the living unit after plaintiff. (Compl., ¶ 6).

Connors does not set forth the relief he seeks in this action. He states only that he would like to have a jury trial to hear his case that his constitutional rights were violated. (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

3

requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is proceeding <u>in forma pauperis</u>, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined. Consequently, this action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>See</u> <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The

4

Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Connors names the Northern State Prison as a defendant in this matter.  However, any claims asserted against this state prison facility is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability.  <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms</u>

7

Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Therefore, the Complaint will be dismissed in its entirety, as against defendant Northern State Prison, for failure to state a claim upon which relief may be granted.

## IV.  ANALYSIS

### A. Claim Against Defendant Dr. Hochberg

It appears that Connors may be asserting a claim of sexual harassment against defendant Dr. Hochberg regarding the incident of December 8, 2008. He alleges that Dr. Hochberg conducted a rectal exam with unnecessary force and without lubrication while uttering discriminatory remarks concerning plaintiff's lifestyle. The Court construes these allegations as asserting an Eighth Amendment claim of sexual harassment.

Sexual harassment of an inmate by a prison guard or official can rise to the level of an Eighth Amendment violation. Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998); Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). In order to hold an officer liable for violating the Eighth Amendment, two requirements must be met: (1) "the alleged punishment must be objectively, sufficiently serious," and (2) "the prison official must have a 'sufficiently culpable state of mind.'" Boddie, 105 F.3d at 861 (quoting Farmer v. Brennan, 511 U.S. 825 (1994)). Sexual harassment can meet both of these requirements as "severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an

Eighth Amendment violation," and "[w]here no legitimate law enforcement or penological purpose can be inferred from defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." Boddie, supra (internal citations omitted).

"Unsolicited sexual touching, harassment, and coercion are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995) (quoting Farmer, 511 U.S. at 834). "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.1997) (internal quotation marks omitted). However, allegations of isolated incidents of sexual comments or non-consensual touching may not be "objectively, sufficiently serious" to show harm of federal constitutional proportions. Boddie, 105 F.3d at 861.

In this case, Connors alleges that although Dr. Hochberg was performing a routine medical rectal examination, the examination was conducted in a harsh manner and with discriminatory remarks. This isolated incident is the sole basis of plaintiff's sexual harassment or sexual assault claim. These allegations, if true,

9

may rise to the level of a constitutional deprivation.  While Connors does not allege that he was subjected to repetitive sexual abuse or harassment, he does assert that the exam was conducted in a severe and harsh manner.  See Boddie, 105 F.3d at 861 ("severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively sufficiently serious' enough to constitute an Eighth Amendment violation"); Thomas, 887 F. Supp. at 4 ("Sexual assault, coercion and harassment of the sort alleged by plaintiff violate contemporary standards of decency and can cause severe physical and psychological harm").

Moreover, while a routine medical rectal examination in prison may be an appropriate medical procedure, the doctor may not conduct the exam in an inappropriate manner, as alleged here. In Johnson v. Rush, 2009 WL 237187 (3d Cir., Feb. 3, 2009), the United States Court of Appeals for the Third Circuit vacated dismissal of a similar claim and remanded the matter for further proceedings.  The inmate plaintiff in Johnson had alleged that a doctor performing a rectal exam on him had a smirk on his face and knowingly inflicted pain on plaintiff during the exam.  The Third Circuit found that the district court "overlooked the possibility of a prison medical official administering an appropriate exam in an inappropriate manner." Johnson, 2009 WL 237187 at *2.

Accordingly, where Connors alleges that the doctor deliberately performed a painful rectal examination while making

rude and discriminatory remarks about plaintiff's lifestyle, this Court finds that such allegations, if true, may be sufficient at this early screening stage to support an Eighth Amendment claim of sexual abuse or harassment. Therefore, plaintiff's claim against Dr. Hochberg may proceed at this time.[2]

B. <u>Claims Against Defendants Nash and Reynolds</u>

Next, Connors alleges that defendant Nash would not let plaintiff work in the kitchen compound because plaintiff was a "faggot." He also states that CO Reynolds has discriminated

---

[2] Connors fails to allege any physical injury as a result of the rectal exam. Generally, a prisoner plaintiff cannot obtain relief solely for mental or emotional injury in the absence of a physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). See <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250-51 (3d Cir. 2000). Thus, Section 1997e(e) bars prisoner claims for damages based purely on mental and emotional distress. <u>Heiseler v. Kralik</u>, 981 F. Supp. 830, 837 n. 3 (S.D.N.Y. 1997), <u>aff'd</u>, 164 F.3d 618 (2d Cir. 1998).

However, Section 1997e(e) does not define "physical injury." Courts that have attempted to determine whether a prisoner has suffered the requisite "physical injury" have turned to the Eighth Amendment standard which "excludes from constitutional recognition <i>de minimis</i> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>Marrie v. Nickels</u>, 70 F. Supp. 2d 1252, 1264 (D. Kan. 1999). In other words, the physical injury must be more than <i>de minimis</i>, but need not be significant. Here, Connors may be able to show that the rectal examination performed by Dr. Hochberg in the manner as alleged is sufficiently "repugnant to the conscience of mankind." Additionally, while Connors does not allege specific physical injury from the exam, he does state that he has tried to obtain "a medical specialist to check damage", which may suggest more than <i>de minimis</i> physical injury. Therefore, the Court is constrained to allow this claim to proceed at this screening stage.

against plaintiff by refusing him work while other inmates new to the unit have been hired. (Compl., ¶ 6). The Court construes these allegations in the Complaint as asserting a claim of discrimination and violation of equal protection under the Fourteenth Amendment.

In order for a plaintiff to state an equal protection claim, a plaintiff must allege: (1) he is a member of a protected class; and (2) that he was treated differently from similarly situated inmates. Saunders v. Horn, 959 F. Supp. 689, 696 (E.D. Pa. 1996); see also City of Cleburne, Texas v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)(noting that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"); Price v. Cohen, 715 F.2d 87, 91 (3d Cir. 1983)("To establish a violation of the Equal Protection Clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group."), cert. denied, 465 U.S. 1032 (1984); Oliveira v. Township of Irvington, 41 Fed. Appx. 555, 559 (3d Cir. 2002). Plaintiff may satisfy the second element by naming similarly situated members of an unprotected class who were [treatly differently] or, in some cases, by submitting statistical evidence of bias. Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002)(citations omitted).

Similarly, in an equal protection claim based upon purported selective treatment, the plaintiff must show that he, compared with others similarly situated, was selectively treated, and (2)

the selective treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure. A plaintiff must at least allege and identify the actual existence of similarly situated persons who have been treated differently and that the government has singled out plaintiff alone for different treatment. Marcavage v. City of Philadelphia, No. 04-4741, 2006 U.S. Dist. LEXIS 55643, at *17-18 (E.D.Pa. Aug. 3, 2006) (internal citation omitted) (citing City of Cleburne, 473 U.S. at 439).

Here, Connors allegations against Nash and Reynolds appear to claim selective discrimination based upon plaintiff's alleged homosexuality. Connors is alleging that defendants have denied plaintiff work in the kitchen compound because of his homosexuality or "lifestyle", while other inmates have been hired. However, the Court cannot discern from plaintiff's allegations whether the individuals with whom plaintiff alleges dissimilar treatment, are similarly situated members of unprotected classes or whether they, too, are members of plaintiff's protected class. See Livingston v. Borough of McKees Rocks, 223 Fed. Appx. 84, 88 (3d Cir.2007) (affirming grant of summary judgment on equal protection claim for lack of evidence that similarly situated members of unprotected class were not subjected to same adverse treatment); Saunders, 959 F.Supp. at 696 (finding that prisoner had not stated an equal protection

13

claim where he did not state that he was treated differently from other inmates with similar health problems).

Moreover, Connors' claims of discrimination by these defendants involve their refusal to give him a job in the kitchen compound at NSP. Prisoners, however, have no entitlement to a specific job, or even to any job. James v. Quinlan, 866 F.2d 627, 630 (3d Cir.), cert. denied, 493 U.S. 870 (1989). Indeed, it is well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment. Id.; see also Brian v. Werner, 516 F.2d 233, 240 (3d Cir. 1975)(inmates expectation of keeping job is not a property interest entitled to due process protection); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (Constitution does not create a property interest in prison employment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job).

Therefore, Connors fails to state an equal protection claim against the defendants Nash and Reynolds, and the claim will be dismissed accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §1915A(b)(1).

14

V. CONCLUSION

For the reasons set forth above, plaintiff's claims against defendants Nash and Reynolds will be dismissed with prejudice, in their entirety as against these defendants, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, plaintiff's claim against Dr. Hochberg, shall be allowed to proceed at this time. An appropriate order follows.

Dated: 5/18/09

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge