UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES CONNORS,
           Plaintiff,

v.

NORTHERN STATE PRISON, ET AL.,
           Defendants.

Civ. Action No. 09-165 (KSH) (PS)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

    On November 4, 2011, the Court directed the Clerk of the Court to "designate pro bono counsel for the limited purpose of advising the Court of the reasons for plaintiff's housing situation, the expected duration of his status in administrative segregation, the research and copying tools to which he has access while in administrative segregation, and the status of his legal documents." [D.E. 56.]

    On December 8, 2011, plaintiff's pro bono counsel submitted a letter to the Court in response to this order. [D.E. 61.] According to the letter, plaintiff is currently in administrative segregation at New Jersey State Prison in Trenton, New Jersey. Prisoners in administrative segregation have no access to the prison library or to legal documents. The letter also reports that plaintiff's legal documents on this matter disappeared when he was transferred from East Jersey State Prison in Rahway, New Jersey, to New Jersey State Prison, and that additional documents were lost when plaintiff was transferred from Northern State Prison in Newark, New Jersey, to East Jersey State Prison.

    At this time, John Hochberg is the only defendant in this case, as all the claims against the prison defendants (Northern State Prison, Mr. Glover, Mr. Nash, and Correctional Ofc. Reynolds) were dismissed in May 2009. [D.E. 7, 9.] Therefore, the Court is without the ability

to compel the Department of Corrections to address the implications of plaintiff's confinement and inability to access his documents.

No attorney, let alone a pro se party, could diligently and competently prepare an argument in opposition to a motion for summary judgment under these circumstances. In addition to his inability to access a law library, the absence of plaintiff's legal documents prevents him from reviewing the record in the thorough way that *Federal Rule of Civil Procedure* 56 makes necessary.

Accordingly, it is on this 12th day of December, 2011,

**ORDERED** that the Clerk of the Court shall mail to plaintiff within 30 days a copy of all documents presently on the docket in this case; and it is further

**ORDERED** that defendant shall mail to plaintiff within 30 days a copy of any additional documents not on the docket that defendant supplied to plaintiff, including in the course of discovery, or that plaintiff supplied to defendant, including in the course of discovery; and it is further

**ORDERED** that this case is stayed and administratively terminated until plaintiff informs the Court that he has been removed from administrative segregation or that he wishes to continue with the litigation notwithstanding his continued status in administrative segregation; and it is further

**ORDERED** that the motion for summary judgment is dismissed without prejudice to defendant's right to re-file the motion in the event that plaintiff requests the stay be lifted.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.